UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-191-GWU

RUBY ANN BROWN,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

Ruby Brown brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-191  Ruby Ann Brown

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

08-191  Ruby Ann Brown

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

08-191  Ruby Ann Brown

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-191  Ruby Ann Brown

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

08-191  Ruby Ann Brown

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Brown, a 41-year-old former cashier, sewing machine operator and housekeeper with a "limited" education, suffered from impairments related to fibromyalgia and degenerative disc disease. (Tr. 16, 19). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 17-19). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 20). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of DIB. Therefore, the

08-191  Ruby Ann Brown

court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Anne Thomas included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) a inability to more than occasionally bend and climb ramps or stairs; (3) the need for a sit/stand option in one-hour intervals; (4) a limitation to jobs requiring no more than simple, one-two step instructions; (5) a limitation to low stress jobs; (6) a need to avoid exposure to hazardous or vibrating machinery; and (7) a limitation to flat level ground to walk on.  (Tr. 49).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 49-50).  The ALJ relied upon this information to support the administrative decision.

The hypothetical question did not fairly characterize Brown's condition.  Two treating sources identified specific functional limitations.  Dr. Janet McNeil identified a number of very severe physical restrictions in a January, 2007 assessment including an inability to sit for more than 45 minutes, stand for more than one hour and walk for more than one hour.  (Tr. 213).  The ALJ rejected this opinion because it did not appear to be well-supported by objective medical data and appeared to be

8

08-191  Ruby Ann Brown

based on the plaintiff's subjective complaints.  (Tr. 19).  This action would appear appropriate.

The ALJ purported to rely upon the opinion of Dr. Robert Drake, another treating physician, whose opinion offset that of Dr. McNeil.  (Id.).  The ALJ stated that Dr. Drake's assessment best reflected Brown's functional capabilities and was consistent with the objective findings of record.  (Id.).  The doctor indicated that the plaintiff could lift 20 pounds occasionally and 10 pounds continuously.  (Tr. 271). Sitting was restricted to a total of four hours with rests, standing to a total of three hours with rests and walking two hours with rests.  (Id.).  Bending was limited to occasional performance.  (Id.).  The doctor precluded squatting, crawling and climbing.  (Id.).  Dr. Drake imposed a total ban on exposure to unprotected heights. (Id.).  The doctor indicated that Brown would have a "moderate" limitation on driving automotive equipment and a "mild" limitation on exposure to changes in temperature and humidity or to dust, fumes and gases.  (Id.).  While many of these restrictions were presented to Thomas, several were omitted.  Dr. Drake totally precluded climbing while the hypothetical question permitted occasional climbing of ramps and stairs.  The hypothetical question made no mention of crawling or squatting, each of which was precluded by Dr. Drake.  Exposure to unprotected heights was not mentioned in the hypothetical question despite being totally precluded by the treating physician.  The question also made no mention of driving

9

08-191  Ruby Ann Brown

automotive equipment, exposure to temperature extremes or exposure to environmental pollutants.  The ALJ gave no explanation as to why he accepted some of the doctor's findings but rejected others.  By his statements in the text, the ALJ appeared to accept the doctor's findings in total.  As a treating source, Dr. Drake's opinion would normally be entitled to superior weight and the ALJ should have addressed these restrictions.  Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of April, 2009.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

10